# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER JAMES DODSON #7309, | ) ) ) |
| Petitioner, | ) ) NO. 3:23-CV-00754 |
| v. | ) ) JUDGE CAMPBELL ) MAGISTRATE JUDGE HOLMES |
| SHAWN PHILLIPS, | ) ) |
| Respondent.[1] | ) |

## MEMORANDUM AND ORDER

Christopher James Dodson has filed a pro se petition for habeas corpus relief under 28 U.S.C. § 2241. (Doc. No. 1). Petitioner has paid the full filing fee. (*Id.*)

Petitioner seeks relief from the results of two disciplinary hearings that occurred at the Williamson County Jail prior to his transfer to the Bledsoe County Correctional Complex ("BCCX") in Pikeville, Tennessee. BCCX Warden Shawn Phillips ("Respondent") has responded in opposition, urging the Court to dismiss the petition. (Doc. No. 6). Respondent also asks to be excused from filing the full state court record. (Doc. No. 5).

## I. PROCEDURAL HISTORY

Petitioner pleaded guilty to possession with the intent to manufacture, deliver, or sell methamphetamine, possession of drug paraphernalia, and possession of Schedule II drugs in the Williamson County Circuit Court in Case No. MCR200565. (*See* Ex. 1 to Doc. No. 6, Tennessee Felony Offender Information database; Ex 2 to Doc. No. 6, Williamson County Circuit Court Online Records). Petitioner was sentenced to ten years but placed on probation, which the court

---

[1] Since Petitioner has been transferred to the BCCX, the proper Respondent in this case is BCCX Warden Shawn Phillips.

revoked at a July 2023 hearing. (*See* Ex. 2, Williamson County Criminal Court Online Records). On August 29, 2023, Petitioner was transferred from the custody of the Williamson County jail to the BCCX. (Ex. 1 to Doc. No. 1).

Petitioner timely filed his federal habeas petition on July 19, 2023. (Doc. No. 1 at 9). On August 22, 2023, the Court ordered the Respondent to file a response to the petition within 30 days. (Doc. No. 3). Respondent now has filed a motion to dismiss the petition. (Doc. No. 5).

## II. FACTS

Petitioner complains of the results of two disciplinary hearings that occurred at the Williamson County jail prior to his transfer to a TDOC facility. In the first incident, Case No. 20231125, officers found an altered radio device in Petitioner's cell stained with ink and a tattoo kit. (Ex. 3 to Doc. No. 6 at 1). As Petitioner was being moved from his cell, he informed officers that "Dodson 2020 was coming back," in apparent reference to his prior stay at the jail in which he had smeared feces on the walls. (*Id*. at 2). Petitioner was provided notice of violations on May 14, 2023 (*id*. at 1), and a hearing was held on May 16, 2023, at which Petitioner admitted the charges and was found to have committed verbal threats, tattooing, and possession of unapproved items. (*Id*. at 3). As a result of the violation, Petitioner was punished with 60 days in administrative segregation or "lockdown." (*Id*.) He appealed the finding that he committed the offenses, and his appeal was denied on May 17, 2023. (*Id*. at 5).

Petitioner was charged with another disciplinary violation on May 17, 2023, in Case No. 20231163. (Ex. 4 to Doc. No. 6 at 1). On that date, he accused an officer of stealing Petitioner's dictionary. (*Id*. at 2). When the officer told Petitioner he was unsure what had happened to the dictionary, Petitioner called the officer a "fucking bitch." (*Id*.) Petitioner was charged with the violation of verbal disrespect. A hearing was held on May 22, 2023, at which Petitioner was found

2

to have committed the violation. (*Id*. at 3). Petitioner was given another seven days in lockdown as a result of the violation. (*Id*.) His appeal of the hearing was denied on June 12, 2023. (*Id*. at 4).

## III. ANALYSIS

The petition asks the Court to order Petitioner's removal from disciplinary segregation at the Williamson County jail, remove the hearing officer who conducted Petitioner's May 2023 hearings, and order the jail to staff additional hearing officers. (Doc. No. 1 at 8). Petitioner seeks relief pursuant to 28 U.S.C. § 2241.

Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treatises of the Unites States[.]" The Rules Governing 2254 Cases ("Habeas Rules") apply to habeas petitions under 28 U.S.C. § 2241. *See Williams v. Holloway*, No. 2:14-cv-02652-STA-tmp, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14. 2016). A petition for a writ pursuant to 28 U.S.C. § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).

As in any case, the Court must first determine if it has the authority to adjudicate this case. "Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) (citing U.S. Const., art. III, § 2). "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted). A case is moot if a federal court cannot afford a litigant any

3

Case 3:23-cv-00754   Document 8   Filed 09/27/23   Page 3 of 5 PageID #: 58

"effectual relief." *Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004).

Here, the petition is moot because Petitioner is no longer housed at the Williamson County jail. "A habeas petition that does not challenge the validity of a criminal judgment ordinarily is moot when the condition at issue has abated or the inmate has been transferred to another facility." *Thomas v. Batts*, No. 2:18-cv-02064-TLP-tmp, 2019 WL 921460, at *2 (W.D. Tenn. Feb. 25, 2019) (citing *Forbes v. Trigg*, 976 F.2d 308, 312 (7th Cir. 1992) (dismissing as moot habeas petition because petitioner had been released from segregation) and *Demis v. Sniezek*, 558 F.3d 508, 512-513 (6th Cir. 2009) (habeas petition for denial of transfer became moot upon transfer and subsequent release from custody)). Because Petitioner challenges his housing status and staffing issues at the jail where he was formerly incarcerated, he no longer presents a case or controversy for which he can be afforded relief. There is no actual injury to be redressed by the Court.

### IV. CONCLUSION

Accordingly, Respondent's Motion to Dismiss is **GRANTED**, and Petitioner's Section 2241 petition is **DENIED AS MOOT**. Respondent's request to be excused from filing the full state court record is **GRANTED**.

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain Certificates of Appealability under 28 U.S.C. § 2253(c)(1). *See Durham v. U.S. Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("[A] federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition.").

Nevertheless, a habeas petitioner seeking to appeal must either pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917 or seek leave to proceed in forma pauperis under to

4

Federal Rule of Appellate Procedure 24(a). *See Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

Because instant petition is clearly moot, the Court determines that any appeal would not be taken in good faith.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE